UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RADFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>NEXSTAR BROADCASTING, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-08118-RFL<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 42 |

    This is a wage and hour class action brought by Plaintiff Steven Radford against Defendants Nexstar Broadcasting, Inc., Nexstar Broadcasting Group, Inc., and Nexstar Media Inc. (collectively, "Nexstar"). Radford alleges that Nexstar failed to provide meal and rest breaks, reimburse business expenses, furnish timely and accurate wage statements, and pay overtime and minimum wage. He brings suit on behalf of himself and a putative class for violations of California's Labor Code, Unfair Competition Law ("UCL"), and also seeks civil penalties under the Labor Code Private Attorneys General Act ("PAGA").

    The first amended complaint was dismissed under Rule 12(b)(6), with leave to amend, because each claim suffered from "a fatal lack of specificity." *Radford v. Nexstar Broad., Inc.*, No. 24-cv-08118-RFL, 2025 WL 829601, at *5 (N.D. Cal. Mar. 14, 2025).[1] Radford then filed a second, third, and fourth amended complaint (Dkt. Nos. 37, 39, 41), after which Nexstar again moved to dismiss and strike (Dkt. No. 42 ("Motion")). For the reasons explained below,

---

[1] A related case brought under the PAGA was also dismissed under Rule 12(b)(6) with leave to amend for similar reasons, and was consolidated into this action. *Radford v. Nexstar Broad., Inc.*, No. 25-cv-00389-RFL, 2025 WL 829609, at *3 (N.D. Cal. Mar. 14, 2025).

Nexstar's Motion is **DENIED**.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

***Overtime, Meal Period, and Rest Period Claims (Claims 3–5).***  Nexstar challenges the overtime claims and the meal and rest period claims as lacking the specificity required under *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), as amended (Jan. 26, 2015). Nexstar argues that Radford failed to identify "concrete occasion[s]" where he was required to work overtime, or was required to work during a break.  (Motion at 14–15.)[2]

The allegations in the Fourth Amended Complaint are sufficient under *Landers*.  Radford alleges that he was employed by Nexstar at the KRON radio station in San Francisco as a graphic artist.  (Dkt. No. 41 ("4AC"), ¶ 6.)  He alleges that the nature of his work at a "news publication" meant that "information [would] suddenly come in which required urgent attention" and that he and putative class members would need to address these tasks even if they "had already clocked out" for a break or for the day.  (*Id.* ¶¶ 10, 14.)  He alleges that, due to the workload, he and putative class members "would often arrive at work before their scheduled start time, and immediately begin working off-the-clock," and were "expected to continue working on assignments through their meal and rest periods."  (*Id.* ¶¶ 11, 14–15.)  This extra work was allegedly uncompensated, because Nexstar's policy was to only pay its hourly employees for "the time they were scheduled to work, not the time they actually worked."  (*Id.*)  Radford alleges that for the pay period of October 22 to November 18, 2023, he typically worked "1–6 minutes prior to his 10:00 a.m. start time and worked 1–3 minutes after [the] end time" of his eight-hour shift, but was not compensated for his "pre and post shift work."  (*Id.* ¶ 12.)  He alleges that from October 22 to December 2, 2023 he was interrupted "on at least half of his meals" and "did not take any duty-free, uninterrupted first or second rest period[s]."  (*Id.* ¶¶ 14, 15.)  Radford attaches pay stubs from this period, showing no overtime hours recorded or paid for the relevant period.  (*Id.* at pp. 63–65).  At the pleading stage, these allegations are more than

---

[2] All citations to page numbers refer to ECF pagination.

sufficient to satisfy the *Landers* pleading requirement.  *See Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015).

Nexstar also argues that Radford's meal and rest break claims fail because, while he has pled that he worked through breaks, he has not alleged that his work was "involuntar[y]." (Motion at 16.)  Radford's allegations are sufficient.  The California Supreme Court explains that an employer is "not obligated to police meal breaks and ensure no work [] is performed," but it must "relieve the employee of all duty and relinquish any employer control over the employee and how he or she spends the time."  *Brinker Restaurant Corp. v. Superior Court.*, 273 P.3d 513, 535–37 (Cal. 2012).  Here, Radford has adequately alleged a violation under the standard set out in *Brinker*.  He alleges that "due to the sudden and unexpected manner in which news and information" is received, he was "required" to "take immediate action," even during his scheduled breaks.  (4AC ¶ 14.)  Therefore, as alleged, Nexstar did not "relieve" Radford of his duties during his meal and rest periods.  *See*, *e.g.*, *Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106, 108 (9th Cir. 2021) (finding that employees stated cognizable meal and rest break claims by alleging that they were required to "work through their meal [and rest] periods in order to complete their assignments on time").  The motion to dismiss claims three, four, and five is denied.

***Minimum Wage Claim (Claim 2).***  Nexstar's sole challenge to Radford's minimum wage claim is that he fails to comply with the specificity requirements laid out in *Landers*.  (Motion at 13–14.)  However, Radford's minimum wage claim is derivative of the claims discussed above. (4AC ¶ 62 (alleging that Nexstar had a practice of paying Radford and the class "without regard to the correct amount of time they work").)  Therefore, the minimum wage claim is sufficient for the reasons already explained above.  The motion to dismiss claim two is denied.

***Reimbursement Claim (Claim 7).***  Labor Code section 2802 requires reimbursement for all known "necessary" expenses incurred in "direct consequence of the discharge of [the employee's] duties."  Cal. Lab. Code § 2802(a).  Radford alleges that he and class members were required to use their personal cell phones for work, but were not reimbursed.  (4AC ¶ 19.)

Radford alleges that from October 22, 2023, to December 2, 2023, he was required by Nexstar to make or receive three to seven calls a day and send or receive an average of five texts a week on his personal cell phones to discuss work. (*Id.*) Radford also alleges that he downloaded several applications onto his cell phone because they were Nexstar's "required means of communication with employees." (*Id.*) Finally, he alleges that, due to his hybrid work schedule, he was required to purchase a desk and use his home internet without being reimbursed. (*Id.*) Radford has alleged a Labor Code section 2802 violation with sufficient specificity at the pleadings stage. *See*, *e.g.*, *Bowerman v. Field Asset Servs., Inc*., No. 13-cv-00057-WHO, 2023 WL 5111961, at *3 (N.D. Cal. Aug. 9, 2023). The motion to dismiss claim seven is denied.

  ***Itemized Statements Claim (Claim 6).*** To establish a Labor Code section 226 claim, the plaintiff must demonstrate both a violation of subsection 226(a) and an injury under subsection 226(e). *See* Cal. Lab. Code §§ 226(a)(2), (9), 226(e). Radford has adequately alleged a violation and an injury. A violation and injury under Labor Code section 226 "has occurred whenever the employee cannot easily determine certain required information," by referencing their wage statement, "including rates of pay and all 'hours worked.'" *Naranjo v. Spectrum Sec. Servs., Inc.*, 509 P.3d 956, 971 (Cal. 2022). Such inaccurate information "deprives the employee of information needed to evaluate whether the payment is correct, and [ ] results in injury under the terms of the statute." *Id.* (citing Lab. Code, § 226 (e)(2)(B)); *see also Maldonado v. Epsilon Plastics, Inc.*, 232 Cal. Rptr. 3d 461, 482 (Cal. App. 2018) (explaining that "the absence of the hours worked [from a wage statement] will give rise to an inference of injury"). At minimum, Radford alleges that certain hours he worked—during meal and rest breaks and before and after clocking in—were not reflected on his wage statement. Therefore, he has alleged both a violation and an injury under section 226. The motion to dismiss claim six is denied.

  ***UCL, Wages When Due, and PAGA Claims (Claims 1, 8–9).*** Nexstar characterizes claims one and eight through nine as derivative of Radford's other California Labor Code claims, and argues that these claims rise and fall with the underlying claims. (Motion at 19–20.) Nexstar does not raise any independent challenges as to these claims. (*Id.*) Therefore, the

4

motion to dismiss is denied as to the derivative claims for the same reasons discussed above.

***Motion to Strike.***  Nexstar moves to strike Radford's class allegations, arguing that the complaint fails to allege facts sufficient to show commonality under Rule 23.  Nexstar also seeks to strike Radford's request for injunctive relief.  The former argument is premature and the latter is improper.  Motions to strike class allegations at the pleading stage are generally disfavored and rarely granted prior to the class certification stage.  *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for the arguments[.]"); *Velasquez v. HSBC Fin. Corp.,* No. 08-cv-4592-SC, 2009 WL 112919, at *4 (N.D. Cal. Jan. 16, 2009) (declining to strike class allegations even where the court found the class definitions "troubling").  This is not such a case "where the matter is sufficiently obvious from the pleadings [that] a court may strike class allegations" without first permitting class discovery.  *Route v. Mead Johnson Nutrition Co.,* No. 12-cv-7350, 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013).  The details concerning Nexstar's policies and practices with regard to overtime and meal and rest breaks are within Nexstar's exclusive control and are better suited to be developed through the discovery process.  Furthermore, a motion to strike is not the proper mechanism for challenging a type of relief as unavailable as a matter of law.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010).

***Conclusion.***  For the forgoing reasons, Nexstar's Motion to Dismiss and to Strike is **DENIED**.[3]

**IT IS SO ORDERED.**

Dated:   September 8, 2025

RITA F. LIN
United States District Judge

---

[3] In ruling on this Motion, the Court did not rely on the declaration and exhibits submitted by Radford in opposition to the Motion.  (*See* Dkt. Nos. 43-1 to 43-3.)

5