**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
 Norman B. Blumenthal (State Bar #068687)
 Kyle R. Nordrehaug (State Bar #205975)
 Aparajit Bhowmik (State Bar #248066)
 Jeffrey S. Herman (State Bar #280058)
 Sergio J. Puche (State Bar #289437)
 Trevor G. Moran (State Bar # 330394)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff

**SEYFARTH SHAW LLP**
Geoffrey C. Westbrook (SBN 281961)
Natalie C. Kreeger (SBN 328433)
400 Capitol Mall, Suite 2300
Sacramento, California 95814-4428
Telephone:     (916) 448-0159
Facsimile:     (916) 558-4839

Attorneys for Defendants,

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RADFORD, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>                Plaintiff,<br><br>        vs.<br><br>NEXSTAR BROADCASTING, INC., a Corporation; NEXSTAR BROADCASTING GROUP, INC., a Corporation; NEXSTAR MEDIA INC., a Corporation; and DOES 1 through 50, inclusive,<br>                Defendants. | Case No. 3:24-cv-08118-RFL<br><br>**JOINT STATEMENT OF DISCOVERY DISPUTE**<br><br>Judge:     Hon. Rita F. Lin<br>Location: Courtroom 15, 18th Floor<br><br>450 Golden Gate Avenue<br>San Francisco, California 94102<br><br>Action Filed: October 15, 2024<br>4AC Filed: May 30, 2025<br>Action removed: November 18, 2024 |

Plaintiff Steven Radford ("Plaintiff") and Defendant Nexstar Broadcasting, Inc. ("Defendant") (collectively, the "Parties") hereby submit the following Joint Statement of Discovery Dispute, pursuant to the standing order for civil cases before Judge Rita F. Lin.

326449084v.2

## I.    NATURE AND STATUS OF DISPUTE

### A.    Plaintiff's Position:

#### 1.    *Belaire-West* Notice – Attorney Contact Information

On May 4, 2026, this Court granted Plaintiff Steven Radford's ("Plaintiff") motion to compel with respect to class contact information (RFP 17; ROG 3) and left it to the parties to negotiate the details of the employee opt-out and privacy protections. See Dkt. 55. The Parties have met and conferred in good faith regarding the language of the proposed *Belaire-West* notice, and are at an impasse regarding the inclusion of attorney contact information in the proposed notice. Defendant's refusal to include **any** attorney contact information, for either party, is improper and inconsistent with the very purpose of the notice as emphasized by the court in *Belaire-West Landscape, Inc. v. Superior Court,* which is to protect the privacy rights of employees while facilitating the discovery of contact information for potential class members in wage-and-hour class actions. *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554, 557-558 (2007). As the Parties have agreed to all other language in the proposed *Belaire-West* notice, Plaintiff respectfully requests the Court order Defendant to provide the complete class list to the third-party administrator (in compliance with the Court's previous motion to compel order), include attorney contact information in the *Belaire-West* notice, and order to prompt dissemination of the *Belaire-West* notice to the entire class. Time of is of the essence, as initial expert reports are due by **September 18, 2026,** and Plaintiff's class certification filing deadline is **November 17, 2026**.

The contact information of potential witnesses is central to the discovery process. *Williams v. Sup. Ct.,* 3 Cal. 5th 531, 543 (2017). To that end, the class members who are receiving the *Belaire-West* notice must have the right to contact counsel to ask questions regarding the notice, and here, mutuality/neutrality is preserved as Plaintiff proposes that both Parties' attorney contact information is included. *Belaire-West Landscape, Inc.* is clear:

> The court found that the opt-out notice "**identifies the petitioners' counsel** and requests class members' assistance in investigating the case; **makes clear that potential class members are under no obligation to contact Plaintiffs' counsel;** tells potential class members that Belaire-West Landscape, Inc. or its attorney may want to contact them; provides contact information for defense counsel in case a class member wishes to assist the defense; **advises class members that they are under no obligation to talk to defense counsel**; advises class members that Belaire-West

326449084v.2

Landscape, Inc. may not retaliate against them for either refusing to assist Belaire-West or for assisting Plaintiffs and, finally, accurately sets forth the contentions of the parties."

*Belaire-West Landscape, Inc.*, *supra*, 149 Cal. App. 4th at 557-558.

Further, providing Counsels' contact information enhances the transparency and fairness of the notice by allowing employees to contact (or not contact) Counsel for additional information. The inclusion of Counsels' contact information also supports the goal of ensuring that individuals can make informed decisions and seek clarification if needed, which aligns with the principles set forth in *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 370 (2007) ["Additionally, *Hill* recognized the interest "in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference ('autonomy privacy').""].Additionally, the matters of *Crab Addison, Inc. v. Superior Court*, 169 Cal.App.4th 958 (2008) and *Atari, Inc. v. Superior Court*, 166 Cal.App.3d 867 (1986) support the inclusion of attorney contact information in the class notice. In *Crab Addison*, the Court emphasized that a notice procedure must balance privacy concerns with the need for discovery **and effective communication with potential class members**. *Crab Addison, Inc., supra*, 169 Cal.App.4th at 973. Indeed, the Court in *Crab Addison* contemplated that while class members may not want their contact information broadly disseminated to third parties, "they "may reasonably be supposed to want their information disclosed to counsel whose communications in the course of investigating the claims asserted in [the *Martinez'*] lawsuit may alert them to similar claims they may be able to assert."" *Id.*, citing *Puerto v. Superior* Court, 158 Cal. App. 4th 1242, 1253 (2008). Similarly, in *Atari, Inc.*, the Court struck down restrictions on communication that unfairly limited one party's ability to investigate and prepare its case. *Atari, Inc., supra*, 166 Cal.App.3d 867, 872 (1986). Importantly, limiting attorney contact information would directly contradict the California Supreme Court's position in *Williams*, which is clear that "[o]ur discovery system is founded on the understanding that parties use discovery to obtain names and contact information for possible witnesses as the starting point for further investigations. (Citation.)" *Williams*, *supra,* 3 Cal. 5th at 543.  As Plaintiff proposes the inclusion of attorney contact information for both Parties' counsel, there is no issue here regarding mutuality/neutrality, nor is there a risk of solicitation or advertisement of Plaintiff's counsel. The inclusion of mutual attorney contact information simply

2

JOINT STATEMENT OF DISCOVERY DISPUTE

provides employees with a direct channel to inquire about their rights, seek information, and/or raise concerns regarding the lawsuit in general. As such, Plaintiff respectfully requests the Court order the *Belaire-West* notice to include mutual attorney contact information, and to be promptly dissemination by the third-party administrator to the entire class.

2.     <strong>The Deposition of Defendant's Person(s) Most Knowledgeable</strong>

Defendant did not appear for the noticed deposition on the mutually agreeable date of May 27, 2026. Unrelatedly, Plaintiff was later informed the witness that was going to be produced had unexpectedly passed away the following weekend. Plaintiff and his counsel were saddened to learn of the witness's passing and extend their condolences to the witness's family, colleagues, and the Nexstar community. However, as this litigation remains subject to several upcoming deadlines, including the Court-ordered class certification filing deadline of November 17, 2026, the initial expert report deadline of September 18, 2026, and other case deadlines, Plaintiff requested Defendants' cooperation in promptly identifying an alternative witness and rescheduling the PMK deposition so that the parties can continue to meet their obligations under the Court's scheduling order, and has proposed July 7, 2026 and July 9, 2026 for the PMK deposition.

**B.     Nexstar's Position:**

**#1: Inclusion of Attorney Contact Information in *Belaire-West* Notice**

Nexstar respectfully requests that the Court deny Plaintiff's request to include attorney contact information in the proposed *Belaire-West* notice. Plaintiff's request is unsupported by law and inconsistent with the limited purpose of the *Belaire-West* process. The purpose of such notice is narrow and well-established: to provide current and former employees "**with the opportunity to object to the release of their contact information to plaintiffs.**" *Belaire-W. Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554, 562 (2007) (emphasis added). The notice is therefore intended to protect employee privacy rights—not, as Plaintiff proposes, to provide putative class members with "a direct channel to inquire about their rights," "seek information", or "raise concerns regarding the lawsuit in general" through a court-approved communication funded in part by Nexstar.

Here, the parties have agreed to utilize a Third Party Administrator ("TPA") to send a notice to putative class members for the sole purpose of allowing them to decide whether to opt out of

3

disclosure of their contact information to Plaintiff. Nothing more, and nothing less. The result of that process is that Plaintiff's counsel will receive the contact information of all individuals who do not object. Plaintiff's counsel may then contact those individuals directly and at Plaintiff's own expense. To the extent putative class members have questions regarding the notice or opt-out procedure, those inquiries can and should be directed to the TPA—the very reason the parties are using a TPA in the first place.

Plaintiff improperly attempts to transform the *Belaire-West* notice into a vehicle for attorney communications with putative class members. **But none of the authorities Plaintiff cites holds that attorney contact information is required in a *Belaire-West* notice, nor is there any binding authority imposing such a requirement.** Most notably, *Belaire-West* itself merely described the contents of the notice used in that case; it did not hold that inclusion of counsel's contact information is mandatory in every case. *See id*. at 557–58.

Likewise, *Williams v. Superior Court,* 3 Cal. 5th 531 (2017), addressed the discoverability of employee contact information and the balancing of privacy concerns in pre-certification discovery; it did not mandate inclusion of attorney contact information. Similarly, *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360 (2007), approved a neutral opt-out procedure designed to protect privacy interests before disclosure of contact information. Nothing in *Pioneer* suggests that attorney contact information must accompany such a notice.

Plaintiff's reliance on *Crab Addison, Inc. v. Superior Court*, 169 Cal. App. 4th 958 (2008), *Puerto v. Superior Court*, 158 Cal. App. 4th 1242 (2008), and *Atari, Inc. v. Superior Court*, 166 Cal. App. 3d 867 (1985), is equally misplaced. None of these cases hold that attorney contact information must be included in a *Belaire-West* notice. At most, those decisions recognize that counsel may lawfully communicate with putative class members **after** lawful disclosure of contact information. They do not authorize use of a neutral privacy notice as a court-sanctioned advertising mechanism.

What Plaintiff truly seeks is an additional opportunity to advertise themselves to the putative class, in part at Nexstar's expense. That is not the purpose of the *Belaire-West* process, and Nexstar should not be required to subsidize it. Moreover, Plaintiff's argument that since both parties' attorney contact information is included that it preserves "mutuality/neutrality" misses the mark. The purpose

of the notice is not to facilitate communications with counsel for either side. The purpose of the notice is solely to provide them with the opportunity to opt out of disclosure of their contact information.

Accordingly, because Plaintiff cites no authority requiring inclusion of attorney contact information in a *Belaire-West* notice, and because such information is unnecessary to accomplish the notice's limited privacy purpose, Nexstar respectfully requests that the Court reject Plaintiff's request to include attorney contact information in the *Belaire-West* notice.

**#2: Deposition of Nexstar's PMK:** Plaintiff noticed Nexstar's PMK deposition for May 27, 2026. However, Nexstar made clear both in its written objections and meet and confer discussions with Plaintiff's counsel that the deposition would not proceed on May 27, 2026, because the parties were still actively meeting and conferring regarding the scope of Plaintiff's proposed objectionable PMK topics. Accordingly, Nexstar disputes any implication that it "did not appear for the deposition. Plaintiff's counsel was informed in writing in advance that the deposition would not proceed on the unilaterally-noticed date.

Further, on May 29, 2026, Nexstar's anticipated PMK witness (formerly the Director of Human Resources for Nexstar) suddenly and unexpectedly passed away. The loss of this valued colleague and employee was unforeseen and has necessarily impacted Nexstar's ability to proceed with the PMK deposition. In the short time since the witness's passing, Nexstar has identified another individual to serve as the PMK. However, because the newly designated witness must now prepare to testify regarding the noticed topics, combined with the unanticipated workload and operational impacts resulting from the prior witness's passing, the witness will not be available until July for the PMK deposition. Nexstar has requested that Plaintiff provide availability for dates in July so the deposition may be rescheduled on a mutually agreeable date. Nexstar has inquired with the newly designated witness as to whether July 7th or 9th would work for the PMK deposition.

///

JOINT STATEMENT OF DISCOVERY DISPUTE

326449084v.2

DATED: June 18, 2026

**BLUMENTHAL NORDREHAUG
BHOWMIK DE BLOUW LLP**

By:  /s/ Trevor G. Moran                              .

Jeffrey S. Herman
Sergio J. Puche
Trevor G. Moran
Attorneys For Plaintiff

DATED: June 18, 2026

**SEYFARTH SHAW LLP**

By  /s/ Natalie C. Kreeger

Geoffrey C. Westbrook
Natalie C. Kreeger
Attorneys for Defendant

JOINT STATEMENT OF DISCOVERY DISPUTE

326449084v.2