**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (SBN 068687)
Kyle R. Nordrehaug (SBN 205975)
Aparajit Bhowmik (SBN 248066)
Jeffrey S. Herman (SBN 280058)
Sergio J. Puche (SBN 289437)
Trevor G. Moran (SBN 330394)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff


**SEYFARTH SHAW LLP**
Geoffrey C. Westbrook (SBN 281961)
Natalie C. Kreeger (SBN 328433)
400 Capitol Mall, Suite 2300
Sacramento, California 95814-4428
Telephone:    (916) 448-0159
Facsimile:    (916) 558-4839

Attorneys for Defendants,

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RADFORD, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>NEXSTAR BROADCASTING, INC., a Corporation; NEXSTAR BROADCASTING GROUP, INC., a Corporation; NEXSTAR MEDIA INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>            Defendant. | **CASE NO.:** 3:24-cv-08188-RFL<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER AS MODIFIED TO STAY MATTER PENDING MEDIATION AND CONTINUE FILING DEADLINE FOR PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>  Judge:      Hon. Rita F. Lin<br>  Location: Courtroom 15, 18th Floor<br><br>  450 Golden Gate Avenue<br>  San Francisco, California 94102<br><br>Action Filed: October 15, 2024<br>4AC Filed: May 30, 2025<br>Action removed: November 18, 2024 |

**STIPULATION AND ~~[PROPOSED]~~ ORDER AS MODIFIED TO STAY MATTER PENDING MEDIATION**

Plaintiff Steven Radford ("Plaintiff") and Defendants A Nexstar Broadcasting, Inc., Nexstar Broadcasting Group, Inc. and Nexstar Media. Inc. ("Defendants") (collectively the "Parties"), by and through their respective counsel of record, hereby stipulate and agree as follows:

WHEREAS, on October 15, 2024, Plaintiff filed the instant action in the Superior Court of California for the County of San Francisco, Case No. CGC-24-618978, alleging nine causes of action against Defendants on behalf of himself and the Class members for (1) Unfair Competition in violation of Cal. Bus. & Prof. Code §§ 17200; (2) Failure to Pay Minimum Wages in violation of Cal. Lab. Code §§ 1194, 1197 & 1197.1; (3) Failure to Pay Overtime Wages in violation of Cal. Lab. Code §§ 510; (4) Failure to Provide Required Meal Periods in violation of Cal. Lab. Code §§ 226.7 & 512 and the Applicable IWC Wage Order; (5) Failure to Provide Required Rest Periods in violation of Cal. Lab. Code §§ 226.7 & 512 and the Applicable IWC Wage Order; (6) Failure to Provide Accurate Itemized Wage Statements in violation of Cal. Lab. Code § 226; (7) Failure to Reimburse Employees for Required Expenses in violation of Cal. Lab. Code §2802; (8) Failure to Provide Wages When Due in violation of Cal. Lab. Code §§ 201, 202 and 203; and (9) Failure to Pay Sick Pay Wages in violation of Cal. Lab. Code §§ 201-203, 233 and 246. ("Class Action");

WHEREAS, on November 18, 2024, Defendants removed this matter to the Northern District of California and on December 18, 2024, Plaintiff filed a Motion to Remand Case to State Court. On March 14, 2025, this Court denied Plaintiff's Motion to Remand and granted Defendants' Motion to Consolidate and Motion to Dismiss. On April 3, 2025, Plaintiff filed his Second Amended Complaint. After meeting and conferring with Defendants, Plaintiff filed his Third Amended Complaint on May 9, 2025, and his Fourth Amended Complaint on May 30, 2025. On June 13, 2025, Defendants filed their Motion to Dismiss and Strike Plaintiff's Fourth Amended Complaint, which the Court denied on September 8, 2025.

WHEREAS, Plaintiff served Defendant October 17, 2025 with a first set of written discovery requests on Defendant Nexstar Broadcasting, Inc., including Interrogatories, Request for Production of Documents, and Requests for Admission, as well as a Notice of Deposition pursuant to FRCP 30(b)(6);

///

**STIPULATION AND [PROPOSED] ORDER AS MODIFIED TO STAY MATTER PENDING MEDIATION**

WHEREAS, on October 23, 2025, the Court issued its Scheduling Order (Dkt. 50), which referred the case to Private ADR, and set the following deadlines:

- Joint letter identifying mediator and date of mediation due **8/5/2026;**

- Mediation deadline: **10/30/2026**;

- Amend Pleadings: due by **11/14/2025**;

- Initial Expert Reports due by **9/18/2026**;

- Rebuttal Reports due by **10/16/2026;**

- Motion for Class Certification due by**11/17/2026;**

- Opposition to Motion for Class Certification due by**12/15/2026**;

-  Reply to Motion for Class Certification due by **1/12/2027; and**

- Motion for Class Certification Hearing set for **2/2/2027,** 10:00 AM in San Francisco, Courtroom 15, 18th Floor before Judge Rita F. Lin.

WHEREAS, on April 23, 2026, Plaintiff served Defendant October 17, 2025 with an Amended Notice of Deposition pursuant to FRCP 30(b)(6) for May 27, 2026;

WHEREAS, on July 1, 2026 the Parties agreed to participate in private mediation on September 9, 2026 with experienced wage and hour mediator, Hon. Patrick  Walsh (Ret.) which was his first available date that was mutually agreeable for the Parties;

WHEREAS, to avoid further, potentially unnecessary litigation expenses, and in the interests of judicial economy and the conservation of Party resources, the Parties agreed, subject to the Court's approval, to stay the action to allow the parties to conduct private mediation on September 9, 2026;

WHEREAS, given the parties scheduled private mediation on September 9, 2026, the Parties agree to continue the filing deadline for Plaintiff's Motion for Class Certification from November 17, 2026 to February 19, 2027 – commensurate with the requested three month stay of the matter – with all corresponding deadlines continued accordingly;

WHEREAS, this is the Parties first request to modify the Court's Scheduling Order;

WHEREAS, the Parties agree to meet and confer and informally exchange data and documentation needed to participate in in the Parties' September 9, 2026 mediation;

STIPULATION AND [PROPOSED] ORDER AS MODIFIED TO STAY MATTER PENDING MEDIATION

WHEREAS, to the extent mediation does not result in a signed memorandum of understanding, Defendant Nexstar Broadcasting, Inc shall, within fourteen (14) days from the mediation: 1) meet and confer with Plaintiff and provide available dates for Defendant Nexstar Broadcasting, Inc.'s deposition pursuant to FRCP 30(b)(6); 2) meet and confer on any further responses to Plaintiff's Requests for Admissions, Set One; Interrogatories, Set One; and Requests for Production of Documents, Set One; 3) serve responses to Plaintiff's Requests for Production of Documents, Set Two and (4) provide the Class contact information to the Parties' third party administrator, so that a *Belaire-West* Notice to be disseminated to the Class Member;

WHEREAS, to the extent mediation does not result in a signed memorandum of understanding, the Parties will meet and confer on the language of an appropriate *Belaire-West* Notice to be disseminated to the class members within 90 days post-mediation;

WHEREAS, to the extent the mediation is cancelled by one or more of the Parties, the Parties will promptly notify the Court of the cancellation and the stay shall be lifted, at which time: Defendant Nexstar Broadcasting, Inc shall, within fourteen (14) days from the date the stay is lifted: 1) meet and confer with Plaintiff and provide available dates for Defendant Nexstar Broadcasting, Inc.'s deposition pursuant to FRCP 30(b)(6); 2) meet and confer on any further responses to Plaintiff's Requests for Admissions, Set One; Interrogatories, Set One; and Requests for Production of Documents, Set One; (3) serve responses to Plaintiff's Requests for Production of Documents, Set Two; and (4) provide the Class contact information to the Parties' third party administrator, so that a *Belaire-West* Notice to be disseminated to the Class Members;

NOW THEREFORE, based upon the foregoing, the Parties, by and through their respective undersigned counsel of record, hereby stipulate and agree as follows:

1.      The above recitals are an integral part of and provide the foundation for this stipulation;

2.      The Parties will conduct a private mediation of this action with Hon. Patrick Walsh (Ret.) currently scheduled for September 9, 2026;

/ / /

/ / /

**STIPULATION AND [PROPOSED] ORDER AS MODIFIED TO STAY MATTER PENDING MEDIATION**

3.    The Parties will meet and confer and informally exchanged the data and documentation needed to participate in the Parties' September 9, 2026 mediation;

4.    To the extent mediation does not result in a signed memorandum of understanding, Defendant Nexstar Broadcasting, Inc shall, within fourteen (14) days from the mediation: 1) meet and confer with Plaintiff and provide available dates for Defendant Nexstar Broadcasting, Inc.'s deposition pursuant to FRCP 30(b)(6); 2) meet and confer on any further responses to Plaintiff's Requests for Admissions, Set One; Interrogatories, Set One; and Requests for Production of Documents, Set One; (3) serve responses to Plaintiff's Requests for Production of Documents, Set Two and (4) provide the Class contact information to the Parties' third party administrator, so that a *Belaire-West* Notice to be disseminated to the Class Members;

5.    To the extent the mediation is cancelled by one or more of the Parties, the Parties will promptly notify the Court of the cancellation and the stay shall be lifted, at which time: Defendant Nexstar Broadcasting, Inc shall, within fourteen (14) days from the date the stay is lifted: 1) meet and confer with Plaintiff and provide available dates for Defendant Nexstar Broadcasting, Inc.'s deposition pursuant to FRCP 30(b)(6); 2) meet and confer on any further responses to Plaintiff's Requests for Admissions, Set One; Interrogatories, Set One; and Requests for Production of Documents, Set One; (3) serve responses to Plaintiff's Requests for Production of Documents, Set Two and (4) provide the Class contact information to the Parties' third party administrator, so that a *Belaire-West* Notice to be disseminated to the Class Members;

6.    Subject to this Court's Order, the Court's October 23, 2025 Scheduling order will be continued as follows:

- Initial Expert Reports due by **12/18/2026**;
- Rebuttal Reports due by **1/14/2026;**
- Motion for Class Certification due by **2/19/2027;**
- Opposition to Motion for Class Certification due by **3/19/2027**;
- Reply to Motion for Class Certification due by **4/16/2027**; and
- Motion for Class Certification Hearing set for **5/11/2027** at 10:00 AM.

[*Signatures on following page*]

STIPULATION AND [PROPOSED] ORDER AS MODIFIED TO STAY MATTER PENDING MEDIATION

**IT IS SO STIPULATED.**

DATED:  July 2, 2026                    **SEYFARTH SHAW LLP**

By:    /s/ *Geoffrey Westbrook*
                                                    Geoffrey C. Westbrook
                                                    Natalie C. Kreeger

                                                    Attorneys for Defendants


DATED:  July 2, 2026                    **BLUMENTHAL NORDREHAUG**
                                                    **BHOWMIK DE BLOUW LLP**

By:     /s/ *Jeffrey S, Herman*
                                                    Jeffrey Herman
                                                    Sergio J. Puche
                                                    Trevor G. Moran

                                                    Attorneys for Plaintiff


## FILER'S ATTESTATION

I, Jeffrey S, Herman, hereby certify that the content of this joint stipulation is acceptable to all Parties and that Defendants' attorneys have provided authorization for the use of their electronic signature in this document.

Dated: July 2, 2026      BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

                                                    By: /s/ *Jeffrey S. Herman* .
                                                    Jeffrey S. Herman
                                                    Attorneys for Plaintiff

**STIPULATION AND ~~[PROPOSED]~~ ORDER AS MODIFIED TO STAY MATTER PENDING MEDIATION**

# ~~[PROPOSED]~~ ORDER

GOOD CAUSE APPEARING, it is ordered as follows:

1.    The provisions of the Parties' Stipulation are adopted into this Order.

2.    This matter is stayed pending the Parties' private mediation on September 9, 2026;

3.    The Court modifies its October 23, 2025 Scheduling Order (Dkt. 50) as follows:

- Initial Expert Reports due by **12/18/2026**;

- Rebuttal Reports due by **1/14/2026**;

- Motion for Class Certification due by **2/19/2027**;

- Opposition to Motion for Class Certification due by **3/19/2027**;

- Reply to Motion for Class Certification due by **4/16/2027**; and

- Motion for Class Certification Hearing set for **5/11/2027** at 10:00 AM in San Francisco, Courtroom 15, 18th Floor before Judge Rita F. Lin.

4.    The Parties will file a post-mediation status report by **October 9, 2026**, to apprise the Court of the outcome of mediation.


**IT IS SO ORDERED.**


Dated: July 6, 2026_____          _____

Hon. Rita F. Lin
United States District Judge

STIPULATION AND ~~[PROPOSED]~~ ORDER AS MODIFIED TO STAY MATTER PENDING MEDIATION